UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                        Criminal No. 20-cr-20350

v.

                                         Honorable Robert H. Cleland

Tevin Duplessis,

        Defendant.

_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Catherine Morris, Assistant United States Attorney, together with defendant Tevin Duplessis, individually and by and through his attorney, Michael S. Friedman, Esq., submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.     The United States of America obtained an Indictment on August 12, 2020, which charges the defendant with Count One, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 20).

2.     The Indictment contains a Forfeiture Allegation. The Forfeiture Allegation provides that upon conviction of the charged offenses, the defendant

shall forfeit to the United States any firearms and ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g).

3.      On or about September 24, 2020, the United States filed a First Forfeiture Bill of Particulars to more specifically identify the property to be forfeited under 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). (ECF No. 28).  The Forfeiture Bill of Particulars gave notice of the Government's intent to forfeit upon the defendant's conviction, the following property:

     a.      One Glock GMBH 19 Pistol, CAL:9, Serial No: BDUU712;

     b.      Ten Rounds Assorted Ammunition, CAL:9;

     c.      Four Rounds Assorted Ammunition, CAL:9; and

     d.      Seven Rounds Assorted Ammunition, CAL:9;

("Subject Property").

4.      On January 27, 2022, the defendant pleaded guilty to Count One, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

5.      The defendant acknowledges that the Subject Property was used or intended to be used to commit or promote the commission of his offense.

6.      The defendant acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case, and waives his right to challenge any failure by the Court to advise him of this, under Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time

his guilty plea was accepted and when his sentence will be announced by the

Court.

7.      The defendant agrees to immediate entry of this Stipulated

Preliminary Order of Forfeiture and that this Order shall become final as to him at

the time of entry.

8.      The defendant's counsel, Michael S. Friedman affirms that he has

discussed this Stipulated Order with the defendant and that the defendant consents

to the entry of the Stipulated Order of Forfeiture.

Based on the Indictment, the Government's Forfeiture Bill of Particulars,

this Stipulation, and other information in the record, and pursuant to 18 U.S.C. §

924(d), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, the

Subject Property **IS FORFEITED** to the United States for disposition according to

law, and any right, title or interest of the defendant, and any right, title or interest

that his heirs, successors or assigns have, or may have, in the Subject Property is

**FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated

Preliminary Order of Forfeiture and under 21 U.S.C. § 853(n), Rule 32.2, and other

applicable rules, the United States shall publish notice of this Stipulated

Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property

on www.forfeiture.gov, for at least thirty consecutive days. The United States may

also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty days of the final date of publication of notice or within thirty days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

4

**THIS COURT FURTHER ORDERS** that under Federal Rule of Criminal

Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall

become final as to the defendant at entry and forfeiture of the Subject Property

shall be made part of defendant's sentence in this case and included in the

Judgment.

**THIS COURT FURTHER ORDERS** that if no third party files a timely

petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then

this Stipulated Preliminary Order of Forfeiture shall become the Final Order of

Forfeiture and the United States shall have clear title to the Subject Property as

provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure

32.2(c)(2). If a third party files a petition for ancillary hearing for any of the

Subject Property, the Court shall enter an Amended Order of Forfeiture which

addresses the disposition of the third party petition as provided under Federal Rule

of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary

Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court

enters an Amended Order of Forfeiture that addresses the disposition of any third

party petition(s), the United States shall have clear title to the Subject Property and

shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce

5

this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal

Procedure 32.2(e).

Agreed as to form and substance:

Respectfully submitted,

DAWN N. ISON
United States Attorney

S/ Catherine Morris                         S/Michael S. Friedman (with Consent)
CATHERINE MORRIS                            MICHAEL S. FRIEDMAN
Assistant United States Attorney            Attorney for Defendant
211 W. Fort St., Ste. 2001                  2833 Crooks Road, Suite 104
Detroit, MI 48226                           Troy, MI 48084
(313) 226-9562                              (248) 258-2833
Catherine.morris@usdoj.gov                  Friedman364@aol.com
P-84371                                     P-13728

Dated: April 18, 2022                       Dated: May 10, 2022

*******************************************
**IT IS SO ORDERED.**


                                            **s/Robert H. Cleland**
Dated: May 17, 2022                         HONORABLE ROBERT H. CLELAND
                                            United States District Judge